IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J.J.,[1]

        Plaintiff,

v.                                        Case No. 20-4023-JWB

ANDREW M. SAUL,
*Commissioner of Social Security,*

        Defendant.

**MEMORANDUM AND ORDER**

Plaintiff filed this action for review of a final decision of the Commissioner of Social Security denying Plaintiff's application for disability insurance benefits and a child disability claim. Plaintiff has filed several motions that are before the court (Docs. 11, 13, 13, 15, 16, 17.) Plaintiffs' motions are denied for the reasons stated herein.

According to the allegations in the complaint, Plaintiff alleges that the decision by the appeals council was erroneous due to the failure to docket medical evidence that was provided in August 2016. (Doc. 1.) Plaintiff also alleges that he was not provided with certain medical records from his previous claim and a certified copy of the decision by the appeals council. Plaintiff seeks an order that would modify the decision and grant him benefits or, alternatively, remand the matter to the Commissioner for reconsideration. (*Id.*)

Upon filing this action, Plaintiff moved for an order requiring the Commissioner to provide him with the records for review. (Doc. 5.) On May 18, the court denied this request, citing to the local rules which require the Commissioner to file the complete record upon filing an answer. (*See*

---

[1] Plaintiff's initials are used to protect privacy interests.

Doc. 6) ("In accordance with this court's rules, Defendant must file the administrative record when the answer is filed. D. Kan. R. 83.7.1(c).") The Commissioner moved for an extension of time to answer and file the record due to the current pandemic and the difficulty of compiling the record as a result. (Doc. 20.) The court granted that request and the record is now due on September 29.

Plaintiff is proceeding pro se in this matter and has filed several actions in this court, including previous social security actions. In this court's prior order, the court notified Plaintiff of the applicable local rule regarding an action reviewing a decision of the Commissioner. The court notified Plaintiff that under D. Kan. Rule 83.7.1(d), Plaintiff's opening brief will be due 45 days after the record is filed with the court. (Doc. 6.) Although the record has not yet been filed by the Commissioner, Plaintiff has proceeded to file a significant number of motions.

On June 11, Plaintiff filed a request for settlement. (Doc. 11.) In that motion, Plaintiff attaches various articles regarding lawsuits. Plaintiff's motion for settlement is not clear. It appears that he wants the court to give him backpay and that he is wanting the articles to be part of the record. (Doc. 11 at 2-3.) To the extent that he seeks relief from the court, Plaintiff's request for settlement is denied without prejudice. After Plaintiff's social security record is filed and the parties have briefed the issues, the court will review the agency decision.

On June 18, Plaintiff filed a motion to award benefits. (Doc. 13.) Plaintiff asserts that he is entitled to benefits and that his appeal rights should have been stayed. Again, the court will review the Commissioner's decision when the matter has been fully briefed and the record has been filed. Plaintiff's motion is therefore denied, without prejudice.

On June 23, Plaintiff filed a motion for a preliminary injunction. (Doc. 14.) Plaintiff asserts that the review of his claim for benefits "can take 60 days plus further dates and time." Therefore, he requests that the court award him benefits as he has shown he is entitled to benefits.

"A preliminary injunction is an extraordinary remedy, the exception rather than the rule." *Aposhian v. Barr*, 958 F.3d 969, 978 (10th Cir. 2020) (citing *United States ex rel. Citizen Band Potawatomi Indian Tribe v. Enter. Mgmt. Consultants, Inc*., 883 F.2d 886, 888 (10th Cir. 1989)). "To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harms that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Id.* (quoting *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007). "[B]ecause a preliminary injunction is an extraordinary remedy, the [movant's] right to relief must be clear and unequivocal." *Id.* (citation omitted).

Plaintiff's motion only attempts to address the first factor. Plaintiff asserts that he has presented evidence that he has a personality disorder and mental illness that prevents him from getting a job. (Doc. 14 at 1.) While Plaintiff may have a diagnosed medical impairment, Plaintiff has not yet shown that the decision denying benefits was erroneous and that he is entitled to benefits under the applicable regulations. At this time, the court has not been presented with the social security record or any medical evidence. Moreover, Plaintiff has not addressed the other three factors. Notably, although Plaintiff complains that his case will take several months, the delay in being awarded a monetary benefit is likely not irreparable harm. *Schrier v. Univ. Of Co*., 427 F.3d 1253, 1267 (10th Cir. 2005) ("It is also well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm.") Plaintiff's motion for a preliminary injunction is therefore denied. (Doc. 14.)

On June 26, Plaintiff filed another motion for the production of records. (Doc. 15.) Although Plaintiff has titled this motion as one for the production of records, the motion itself is

not clear.  Plaintiff details some of his medical history and relays information from his mother.  Plaintiff also discusses records that he does not have regarding his medical history.  In conclusion, Plaintiff requests that the court order benefits until the record has been developed.  (Doc. 15 at 9.)  Plaintiff's motion is denied, without prejudice.  As discussed, the Commissioner will file the records as required by the local rules and this court will review the Commissioner's decision once a record has been provided and the matter has been fully briefed by the parties.

On June 26 and July 9, Plaintiff filed additional motions for the production of certain records.  (Doc. 16, 17.)  Those motions are denied, without prejudice, for the reasons stated herein.

**Conclusion**

Plaintiff's motions are DENIED.  (Docs. 11, 13, 14, 15, 16, 17.)   IT IS SO ORDERED this 27th day of July, 2020.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE