IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J.J.,[1]

        Plaintiff,

v.                                                  Case No. 20-4023-JWB

ANDREW M. SAUL,
*Commissioner of Social Security,*

        Defendant.

**MEMORANDUM AND ORDER**

Plaintiff filed this action for review of a final decision of the Commissioner of Social Security denying Plaintiff's application for disability insurance benefits and a child disability claim. Currently before the court are Plaintiff's motion for order and motion to appoint counsel (Docs. 24, 25). The Commissioner has also moved for an order to stay the response deadline to any and all motions filed by Plaintiff (Doc. 26.) Plaintiff's motions are DENIED and the Commissioner's motion is DENIED for the reasons stated herein.

**I.**     **Background**

Plaintiff filed this action in May. (Doc. 1.) Since that time, Plaintiff has filed repeated motions. This action is for review of a decision by the Commissioner. In such a case, the court will review the agency's decision after the record is filed and the matter is briefed by the parties. Although the court has explained this procedure to Plaintiff, he continues to file motions. As noted by the Commissioner, such motions are not contemplated in the Rules of Civil Procedure. On May 18, the court denied Plaintiff's motion for order that sought records from the agency on the basis

---

[1] Plaintiff's initials are used to protect privacy interests.

that the rules required the Commissioner to file the record when filing the answer. (Doc. 6.) At that time, the Commissioner had not yet been served. After the Commissioner was served, the docket reflected that the Commissioner's answer was due on July 27. (Doc. 7.) Notwithstanding the fact that the Commissioner's answer deadline had not yet passed, Plaintiff proceeded to file several motions seeking his records and moving for relief. (Docs. 11, 13, 14, 15, 16, 17.) The court denied Plaintiff's requested relief and again informed Plaintiff of the procedure in this case. (Doc. 22.) The court also notes that Plaintiff is familiar with the procedure in social security cases as this is not his first social security appeal. *See* Case Nos. 14-4029-SAC; 15-4957-SAC; 16-4038-JWL.

### A.  Motion for Order

Plaintiff now moves for an order to direct that the Commissioner follow court orders that were previously entered by Judge Crow in his prior cases. (Doc. 24.) Plaintiff asserts that the Commissioner failed to follow Judge Crow's order on remand. At this time, the record has not been filed. The answer and record are now due September 29, 2020. (Doc. 21.) Once filed, the parties may brief the issues, including whether the Commissioner failed to comply with any order of this court. The court will review the Commissioner's decision when the matter has been fully briefed and the record has been filed. Plaintiff's motion is therefore denied, without prejudice. (Doc. 24.)

### B.  Motion to Appoint Counsel

Plaintiff requests that the court appoint counsel to represent him because he is mentally ill. (Doc. 25.) Plaintiff's affidavit in support of this motion only states that the appeals council failed to docket medical evidence. (Doc. 25, Affidavit.) Magistrate Judge Birzer recently summarized the standards governing requests for appointment of counsel in cases such as this:

> There is no constitutional right to counsel in a civil action. For parties like Plaintiff who proceed in forma pauperis, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel." In its broad discretion, the Court evaluates multiple factors when deciding whether to request an attorney for an indigent party. In *Castner v. Colorado Springs Cablevision*, [979 F.2d 1417 (10th Cir. 1992)] the Tenth Circuit identified four factors which are relevant to the district court's decision whether to appoint counsel: (1) the plaintiff's ability to afford counsel, (2) the plaintiff's diligence in searching for counsel, (3) the merits of the plaintiff's case, and (4) the plaintiff's capacity to prepare and present the case without the aid of counsel. Thoughtful and prudent care in appointing representation is necessary so willing counsel may be located, but consideration of the Court's growing docket, the increase in pro se filings, and the limited number of attorneys willing to accept appointment is also paramount.

*Fantroy v. Comm'r of Soc. Sec. Admin.*, No. 18-1272-KHV-GEB, 2018 WL 6305653, at *1 (D. Kan. Dec. 3, 2018) (footnotes omitted).

Based on Plaintiff's in forma pauperis status, the court presumes that Plaintiff lacks the ability to afford counsel. The remaining factors, however, do not weigh in favor of appointment. There is no indication in Plaintiff's affidavit that he attempted to find counsel prior to filing this motion. Moreover, based on the allegations in the complaint, it appears that Plaintiff's request for review of the Commissioner's decision may be untimely. Additionally, besides asserting that the appeals council did not send its decision by certified mail, Plaintiff does not provide a substantive reason as to why the denial of benefits was erroneous.

The court also finds significant the fact that Plaintiff has proceeded pro se in a number of matters filed in this court, in addition to the three social security cases referenced in this order. *See, e.g., Jones v. State of Kansas*, 12-3229-SAC; *Jones v. United States Copyright Office*, 15-3098. The court concludes Plaintiff is capable of articulating his own arguments without counsel's assistance, and that his motion for appointment of counsel should be denied.

3

### C. Commissioner's Motion to Extend Deadline

The Commissioner moves for an order from the court staying the response deadlines to Plaintiff's motions.  (Doc. 26.)  Because the court has ruled on the pending motions, the Commissioner's motion regarding the responses to the pending motions is denied as moot. The Commissioner also seeks an extension of time for any future motions Plaintiff files because he cannot adequately respond to motions regarding this matter until the record has been compiled.  At this time, the court denies the Commissioner's motion for an extension of time to respond to motions that have not yet been filed.  Should Plaintiff file another motion, the Commissioner may move for an extension of time if he determines that he cannot respond to the motion due to the absence of the record or for any other good cause shown.

## II. Conclusion

Plaintiff's motion for order and for appointment of counsel are DENIED.  (Docs. 24, 25.) The Commissioner's motion for an extension of time is DENIED.  (Doc. 26.)

IT IS SO ORDERED this 28th day of August, 2020.

    ____s/ John W. Broomes_____
    JOHN W. BROOMES
    UNITED STATES DISTRICT JUDGE