IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J.J.,[1]

        Plaintiff,

v.                                      Case No. 20-4023-JWB

ANDREW M. SAUL,
*Commissioner of Social Security,*

        Defendant.

**MEMORANDUM AND ORDER**

Plaintiff filed this action for review of a final decision of the Commissioner of Social Security denying Plaintiff's application for disability insurance benefits and a child disability claim. Currently before the court is Plaintiff's motion for temporary injunctive relief (Doc. 37), motion for an extension of time (Doc. 39), and motion for court order (Doc. 40). The motions have been fully briefed (Docs. 38, 42, 46, 47.) Plaintiff's motion for an extension of time is GRANTED and Plaintiff's motion for order and temporary injunctive relief are DENIED.

Plaintiff is proceeding pro se in this case and has filed several motions for interim relief. In his motion for temporary injunctive relief, Plaintiff again seeks an award of benefits prior to a final decision by this court. As pointed out by the Commissioner, judicial review of final agency decisions denying disability benefits is controlled by 42 U.S.C. § 405(g). That provision expresses the court's authority in this case as follows: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The statute does not provide authority for this court to enter temporary benefits to Plaintiff.

---

[1] Plaintiff's initials are used to protect privacy interests.

Plaintiff also asserts that benefits are needed because he is awaiting the record. The answer and record were filed with the court on October 29 and provided to Plaintiff by mail. (Doc. 36.) Given Plaintiff's recent filings, which attach records from the answer, Plaintiff has been provided with the same. Therefore, as the court lacks authority to award interim benefits, Plaintiff's motion for temporary injunctive relief is denied. (Doc. 37.)

Plaintiff has also filed a motion for order seeking additional records from 1993, 1994, and 1996. (Doc. 40.) According to the Commissioner, these records were submitted in a prior claim that was denied and, pursuant to the retention policy, have likely been purged. (Doc. 47 at 1.) The most recent decision by an administrative law judge in this case supports the finding that these prior records have not been located even after the Commissioner attempted to obtain the records from the hospitals. (*See* Tr. at 13.) Therefore, Plaintiff's motion is denied as these records are unavailable.

Finally, Plaintiff seeks an extension of time to file his initial brief. (Doc. 39.) After filing this motion, however, Plaintiff has filed several briefs. (Docs. 41, 43, 44, 45.) It appears that Plaintiff filed these briefs because his motion for an extension was pending and he was unsure if relief would be granted. (*See* Doc. 43.) Although Plaintiff is proceeding pro se, Plaintiff must comply with this court's rules. Plaintiff is to file one brief regarding his appeal. D. Kan. Rule 83.7.1(d). This brief is due 45 days after the record is filed. The rule does not provide for multiple briefs and supplements. As the record was filed October 29, Plaintiff's deadline for his initial brief was December 14, 2020. Plaintiff apparently seeks more time because he might be moved to the hospital at some point in time. (Doc. 39.) The Commissioner has not filed a response to Plaintiff's motion and the time for doing so has passed. Plaintiff's motion for an extension of time is granted. Plaintiff has until January 14, 2020, to file a **single** brief in support of his petition for benefits.

2

Plaintiff will not be allowed to file any additional briefs no matter how they are styled. Plaintiff is warned that filing multiple briefs will result in the court striking those briefs from the record. In the event that Plaintiff decides not to file a single brief and instead to stand on the submissions already before the court, Plaintiff may file a notice to the court that he will not be filing an additional brief. This will provide the Commissioner with notice so that he can file a timely response brief.

## **Conclusion**

Plaintiff's motion for temporary injunctive relief (Doc. 37) and motion for court order (Doc. 40) are DENIED. Plaintiff's motion for an extension of time (Doc. 39) is GRANTED. Plaintiff is to file a single brief in support of his petition for benefits on or before January 14, 2020. Any additional briefs filed, no matter how styled, will be struck from the record.

IT IS SO ORDERED this 24th day of November, 2020.

\_\_\_\_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE