IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J.J.,[1]

        Plaintiff,

v.                                            Case No. 20-4023-JWB

MARTIN O'MALLEY,
*Commissioner of Social Security,*

        Defendant.

**MEMORANDUM AND ORDER**

On May 7, 2020, Plaintiff filed this action for review of a final decision of the Commissioner of Social Security denying Plaintiff's application for disability insurance benefits and a child disability claim. (Doc. 1.) On January 4, 2021, the court granted the Commissioner's motion to remand this action to the Social Security Administration and entered judgment reversing the Commissioner's prior decision. (Docs. 53, 54.)

More than three years later, Plaintiff filed a motion to reopen the case. (Doc. 59.) The court denied the motion on the basis that Plaintiff failed to show a statutory basis to reopen this matter. Notably, upon remand Plaintiff was awarded benefits. (Doc. 60 at 1.) Because Plaintiff's motion appeared to take issue with the decision by the Commissioner on remand, the court noted that Plaintiff could have sought review of that decision after remand in a new action. (Doc. 64) (citing 42 U.S.C. § 405(g)).

After the entry of the order, Plaintiff filed another motion to reopen the case and a motion for reconsideration. (Docs. 66, 67.) His motion seeks to reopen this action because he hasn't received a tax rebate, has been unable to attend school, and apparently cannot send certified mail

---

[1] Plaintiff's initials are used to protect privacy interests.

to the Social Security Administration, the Internal Revenue Service, or federal court. (Doc. 66 at 3.) This case was a proceeding seeking review of a decision of the Commissioner regarding social security benefits. That decision was reversed and the action remanded to the Commissioner. The relief Plaintiff seeks in his motion cannot be obtained by the reopening of this action. *See* § 405(g) (discussing that the court has the power to affirm, modify, or reverse the decision of the Commissioner). Further, there is no basis to reopen this action as previously explained in this court's prior order. (Doc. 64.)

Plaintiff also seeks reconsideration of this court's order denying his initial motion to reopen on the basis that it would be a waste of time to refile a new action, his case would be barred by collateral estoppel or res judicata, the Commissioner failed to fulfill the remand, he hasn't received correct payments, and the Commissioner has not responded to his letters. (Doc. 67 at 1.) Plaintiff's motion does not show that this court's decision was erroneous. A new action based on a decision by the Commission after remand can be filed as set forth under § 405(g). Plaintiff would not be barred from challenging a decision upon remand under the doctrines of res judicata and collateral estoppel. Further, Plaintiff's complaints regarding the Commissioner's actions after remand are not a basis to reopen this matter.

Plaintiff's motion to reopen (Doc. 66) and motion for reconsideration (Doc. 67) are DENIED. Any further motions seeking to reopen this matter will be summarily denied.

IT IS SO ORDERED this 14th day of November 2024.

\_\_\_s/ John Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE